All right, all right, thank you both. Thank you. This matter is submitted. All right, Madam Clerk, please call the last case. In re Kim, Hyung Soo Kim, appellant appearing pro se, Craig S. Sternberg appearing for appellee. Um, all right. Uh, Mr. Kim, would you like to reserve any time for rebuttal? Uh, yes, Your Honor. How much time? Uh, about a few minutes because I already submitted a written statement because of my health condition and I barely hear something, you know, uh, like a severe, uh, tireless. Um, all right. So we'll say three minutes, three minutes, maybe a five minute, five minutes. All right. Five. Fine. Please go ahead. Uh, Your Honor, thank you for the time. Uh, this appeal is about basic fairness and due process. Uh, in 2015, I was never properly served. Uh, on March 24, 2015, appellee's counsel confirmed my correct office address and my Lakewood store address, but he did not use those address at all. Instead, he mailed a summon to my CPA office more than three months later. I received in late July with no proof of service.  Mr. Kim, can I ask a quick question? Yes. Um, I think you told, uh, judge door the same facts and he determined that because there was a state court judgment that was final and bankruptcy courts don't get to act like appellate courts on state court matters. He couldn't do anything about that. He couldn't give you any relief based on that. Now, if you think that was a mistake, tell us why, but that's really what we have to figure out here. Okay. As I proceed, I was looking at all the, you know, uh, possible, uh, law, uh, like, you know, a reference, like a Cornell law school and just here and Google scholar searching that, uh, in order to making a summary judgment, uh, it should have a, you know, we'll follow the rule 56. And there shouldn't be any, uh, you know, uh, other. The debate, uh, you know, issue, uh, shouldn't be there, but, you know, uh, he just, uh, making a judgment based on, uh, regardless. That's what the, you know, transcript saying he knows, you know, um, uh, there is the RFA's defectiveness. And, uh, you know, uh, they using a tactic, uh, somehow they try to not to get, uh, documentation and correctly. However, uh, there are many things and also, uh, I put in the, you know, uh, uh, several motions. And especially a state, uh, by law, by relation and, uh, um, uh, the. Mr, uh, Brian's home, uh, put in another, uh, lawsuit in California year, 2025 in January and with the same, uh, same incident. Without, uh, putting, uh, uh, the, you know, related case and without the, you know, POS. And also he put it in the, uh, amendment. And so it's, uh, try to, uh, uh, you know, uh, prove. It's a day or a tactic and as well as a pattern. So, you know, uh, in, in that case, I was in Adversary, uh, trial that I put it in the motion and also I put in, uh, motion to compel. However, all of a sudden, uh, Mr. Craig Stamberg put it in a summary judgment motion and I put in three times on, uh, deny, uh, opposition motion to motion. But, you know, uh, he make a judgment, as I say, based on the regardless. Okay. Can I ask you another question? Yes, your honor. Um, part of the basis for, uh, Judge Dorr granting the motion for summary judgment was the assertion that, um, one aspect of the embezzlement claim had been admitted. And I'm just going to read to you the paragraph from the complaint that I, I think was relied on for that. It's paragraph 24 and it says payment of prior commissions under the agreement indicate the debtors, indicate the debtors understood their responsibility to forward commission funds earned by plaintiff to plaintiff, which indicates a felonious intent on debtor's part. Now, for whatever reason, that paragraph was admitted in your answer. Do you have any commentary or any thoughts about that? Well, first thing, uh, I was being a prose, uh, I learned how to looking at the in, uh, uh, beginning of this year. And I didn't know, uh, such a, uh, public system is available. Okay. And so much, uh, I looking through the, you know, California docket entirely and over hundreds of pages and, um, many, uh, the statement was distorted, especially, uh, overturned, uh, in year 2017, judgment was based on only, uh, the conversion. And he, she declined, uh, uh, three other categories, which is the investment. There's no investment, there's no fraud and so on and so forth, but they didn't submit as such her, you however, they misrepresented and over and over again. And, uh, you know, year 2024 on there, you know, as quote, Mr. Kim, Mr. Kim, just to follow up on what judge Lafferty was asking. I think he was suggesting that the answer that he's talking about was an answer that was filed in the adversary complaint. Yeah. Thank you to the adversary complaint in judge doors court. Thank you. I guess the real question is, were you represented by council at that time when the answer was filed or not? Uh, actually I had a, uh, a former Tony, uh, met, uh, Mark McCullough. He, uh, resigned in February. So, you know, okay. Thank you. I think that's what his point was. Yeah. Thank you very much. I appreciate it. No, it's no problem. So you, you, he was suggesting, did you have a comment about the fact that the answer in the bankruptcy adversary proceeding seemingly admitted you seemingly admitted through your answer that you didn't contest one of the claims that was being asserted by the, by the, uh, creditor. And that is that you knew that the money that was being collected by your company or yourself was actually being owed and paid over, over a period of months. I'm sorry. I'm sorry. No, go ahead. He is not a dealer. He is not a, uh, uh, what kind of Verizon wireless sub dealer neither. So he doesn't have any dealer code. He just occupied on, on, uh, officially occupy my place. To doing his own business. And I didn't even know, uh, he was putting in the file, uh, lawsuit because the store closed year, year 2013. And he, uh, claimed year 2015. So, you know, there was time gap. And also I didn't, uh, timely notified any of our documentation. So, or, you know, notice. Okay. Okay. Thank you for the answer. You're welcome. You honor. Do you want to stop here? Is there anything else you'd like to say before you reserve? So one other is year in year in 2017, judge Carol Overton made a judgment based on conversion only should dismiss or reject other three cause of action. There was no finding of a fraud, malice or embezzlement, but bankruptcy court appealee and counsel described the judgment as it include fraud or embezzlement. Those words do not appear in the minute order or judgment. And on the, uh, PECLA, Sue Brown or Grogon, uh, bankruptcy court must make an independent decision on non-dischargeability. Conversion itself does not meet section 523, 8, 4, or 6. But a bankruptcy court granted the summary judgment even after nothing that RFA were undeliverable. And while my discovery and compare motion were still pending, this was not full review on the rule 56. In summary, a defective service in year 2015 mischaracterized judgment in late filings, recycle incorrect document year 2024-25, and state violation and a repeat of defective service in year 25 California filing. And as a closing, uh, for this reason, I respectfully ask panel to reverse or remand or making a direct decision and dischargeability based on due process principle. Thank you. All right. Thank you. The rest of your time will be reserved. Mr. Sternberg. Thank you, Your Honor. And thank you for, uh, allowing us to have this time to, uh, argue this case. Uh, I, I'm, I think the, uh, third lawyer, uh, in this case for the plaintiff and, uh, and, and it's not, it's not always easy to deal with a pro, pro se defendant. Can I stop? See, we actually have a lot to talk with you about. Okay. Let's begin. See if we're in agreement. This is a motion for summary judgment. Yes. The review is de novo in all respects, correct? Yes. Okay. I was a little bit confused by some statements in your brief to judge door, as well as your brief to this panel about preclusion is most of the argument here goes to preclusion, right? We're going to rely on what the state court did. The argument that you advanced in both places essentially said, well, res judicata is the preclusion argument. It's this big umbrella within that somehow is issue preclusion. It's otherwise called collateral estoppel. If you said that, that is a no theory and accurate statement of the law. Claim preclusion is one thing. Issue preclusion is another. They have different requirements. And to the extent that was an implication in that, that somehow claim preclusion exists in bankruptcy law. I hope you will agree with me that the Supreme court's told us very definitively that ain't so correct. I think that's right. No such thing as claim preclusion. So we're talking about issue preclusion, right? So we're talking about, I'll just read off the factors. The issue sought to be precluded from relitigation is identical to that decided in a former proceeding. Not so clear here. The issue was actually litigated in the former proceeding. Maybe. The issue was necessarily decided in the former proceeding. We're going to have to talk about that. Okay. The decision in the former proceeding is final on the merits that you got that one. The party against whom preclusion is sought was the same or in privity with the party of the former proceeding. We may have some questions there. And then overall, this is California. We've got to play California issue preclusion law. On top of all that, quote, California further places an additional limitation on preclusion. Courts may give preclusive effect to a judgment only if application of preclusion furthers the public policies underlying the doctrine. Close quote. That's Harmon versus Cobran and Ray Harmon, 250 F third, 1240. Let me begin with, was the, was Judge Doar's determination based on anything other than the judgment that was actually reached? I think so, your honor. Like what? Like the declaration of Dae Hyung Kim, which recites all the facts. And, and, and I, I must say there was never a declaration filed. Well, look, we're trying to figure out whether preclusion was appropriately. Okay. Okay. To the extent that Judge Doar relied left, right, and center on the RFAs in state court. And I think he did. You, you can see that. I don't think he did just solely on that. He did. But to the extent he did. Do you think that's problematic? I, I really don't, not in this case. Let me tell you why I think it is. Okay. Okay. Here's the first reason. Preclusion has to be based on the judgment. It's not a cafeteria thing where you've got the judgment. Oh, I've got these RFAs. I'll lump them together. I can get there. It doesn't work that way. Okay. Preclusion relies on the judgment. Secondly, are you aware of whether under California law, RFAs can be used in a subsequent proceeding? In a subsequent proceeding? Yeah. I'm not aware of that. Well, look, let me educate you. Okay. Okay. California Code of Civil Procedure 2033.410B says, notwithstanding subdivision A, which doesn't really apply here, any admission made by a party under this section is binding only on that party and is made for the purpose of the pending action only. It is not an admission by that party for any other purpose, and it shall not be used in any manner against that party in any other proceeding. Now, I know our pro se party here didn't raise that, but if issue preclusion requires consideration of the public policy of California, it seems to me that a prohibition against using RFAs in any other proceeding would fall in there. Would you agree with that? I would, except that we do have the declaration. Well, tell me about the declaration. Okay. In my mind, the RFAs for whatever purpose are done. I don't think Judge Doar had the ability to look at those. But he makes those same... Mr. Kim makes those same... Mr. Dae-hyung Kim. Yeah. My Mr. Kim. Mr. Kim does make the same allegations in his declaration. They are not met with any affidavit, any declaration or denial. There was an admission also in the complaint about... Let's talk about the admission and the complaint. I read the language to you. Now, you didn't draft it, right? No, I did not. Okay. Shall I read the language again? Sure. Why don't I? Okay. Let me get it up here in front of me. The language of the complaint is... On the complaint in front of Judge Doar. Okay. I have that in front of me. Oh, no, I don't. I'm sorry. I will. I had a different complaint. Now, this is pretty badly misnumbered. This is, as some have pointed out, the second paragraph 24. Yeah. Payment of prior commissions under the agreement indicate the debtors understood their responsibility to forward commission funds earned by plaintiff to plaintiff, which indicates a felonious intent on debtor's part. It might have said established. It didn't say that, did it? I'm not sure I understand the question. Well, there's a difference between indicate and establish, okay? So help me out with that. Well, I can't help you out with it. I didn't draft it, but I would say... Okay. That's not... No. I mean, think about the effect of it, okay? I could. And I could say that there could have been a response to it other than an admission. No, I understand. I understand. I can't argue with that part, okay? I'm trying to figure out what to do with this, which you clearly relied on. I read the transcript from the hearing. You clearly relied on this paragraph. I'm not so sure it's as helpful as you think. Let me move to something else. On the conversion cause of action, to what extent is intent an element of conversion under California law? But the conversion provision in the complaint under the California case was only a caption, because the last paragraph, I think it's paragraph 21 says, the defendant acted intentionally, willfully, fraudulently, and maliciously due to fraud and oppression. Let's do this respectfully. Let's do this methodically, okay? Yes. If we're relying, first of all, on the judgment, okay, to what extent was intent an element of conversion with respect to that judgment? The answer is not at all, right? Was it actually litigated in California? The answer is no, right? I don't think they actually litigated intent. Okay, so then help me out with how else you get there. Well, the admission, the declaration of Mr. Kim, who states the same thing, that it was intentionally, willfully, et cetera. It was... Well, he states that in his declaration. How can Mr... Okay, your client, Mr. Kim, states in the declaration, I think this was done intentionally and willfully. Is that evidence? I mean, is that anything other than he thinks that? Well, it's not denied, and there's no declaration, so it has to be taken as the truth with all... Well, it could be the truth, if that's it. Does it have probative value? Right. I don't know if it has probative value. It depends on who's looking at it, but there are a couple of other things that we have to look at here, too. Let her rip. Let her rip. Okay. First of all, the old Rooker-Feldman, where the court... We're not talking about that. Nobody is undoing what the state court did. We're asking about the effect of it, okay? That's a totally different... I see what you're saying. Okay. I'm with you. Look, if the state court got something wrong, God love them. It's way too late to talk about it. You're right about that for sure. We're trying to figure out what could have been done with this judgment and whatever else occurred in that action, and if Judge Dorr relied on something other than the judgment, was that a mistake? I'm concerned it might be, which is why we're having this conversation. And what else was there to support the judgment you got? That's what we're talking about, okay? Well, I think I'm talking about a fairly substantial record, which has actually been expanded after the record was put in. It's been expanded by a number of supplemental responses or supplemental authorities or whatever it was that Mr. Hyunkim has filed. I'm aware of those. If you want to talk about them, you can. You don't have to. No, I don't want to talk about that, but I want to talk about what's in some of them. There is proof that regardless of the probative effect in the judgment, there was, in fact, proof that the judgment was domesticated in the state of Washington. There was a lawsuit filed in the state of Washington to do that. Mr. Kim admits he received that. The judgment was recorded not once but twice in the state of Washington in King County. And that was all done in 2018 and 2019. What's the point of that? The point of that is very clear. The point is that if there were an error, he could have gone back to the state court. We don't care. We don't care if there was an error. That's not what I'm trying to make and what Judge Laffer has been trying to get you to understand. You're relying on the state court judgment. That's all you got. That's all you have. You can't rely on the RFAs. You can rely on an admission if you made one in the bank case, but you can't rely on anything other than the judgment. And the judgment is for conversion. Conversion is a strict liability tort. It requires intent, wrongful conduct intentionally done. How do you get from conversion to embezzlement when all you have is a state court judgment? That's why I don't care if it was domesticated or not domesticated. You still only have one judgment. California. The judgment in part or the judgment in facts. Well, wait a second. The judgment. But Mr. Kim, no, I'm sorry. Go ahead. Okay. The judgment itself is relies on the count of conversion. The count of conversion includes willful fraudulently and maliciously to defraud and oppress. Kim, I have to go. Let me ask you one quick question. Okay. Is there a statement of decision that has findings and conclusions? Is there a statement of what? Is there a statement of decision that has findings and conclusions? Not that I'm aware of, no. Then where I think then that argument is going to be challenging with all due respect. Okay. I hear what you're saying. No, that's whatever. I'm just looking for, I'm looking for Mr. Kim's declaration because I believe there's two elements where this also comes through. One is in the declaration of Mr. Kim. So I've requested. And that's your client, right? Yeah. My client, Mr. Kim. Okay. And the second thing is, is in the proof of claim. And the proof of claim also I think is evidence of this because it states those facts within the proof of claim. So the proof of claim is part of the record of this case. And I think you'd look at the proof of claim. I think you look at the declaration. I think you look at the fact that there's been no denial of it. There is no evidence of any denial of these actions. And I think that that's an emotion for summary judgment. My question is, if he contracted, Mr. Dedder Kim contracted with your client and your client's proof of claim suggests that he is owed money for conversion. I had a contractor. I had a, he owed me the money. He didn't give me the money. I got a judgment against him. Here's the underlying judgment that supports my proof of claim. Here's the underlying judgment that supports my non-dischargeability. In the absence of a finding of intent that he knew what he was doing was wrongful, which is not part of a conversion judgment in California, it's a strict liability tort. How do you get to that proof without a trial? Irrespective of what your client says, I believe he knew. That's a fact question. The court can't resolve that on summary judgment, can't rely on a declaration when he denies that he's responsible and wants a trial. Can he? I think he can. I think, I think he can because those allegations are, those allegations are made in the motion for summary judgment and they are never met. There is no declaration for Mr. Hyun Kim that denies any of those allegations. I'm entitled to a judgment just based on that. Well, can I, can I pull that apart a little bit? Excuse me, I'm getting excited. It's okay. I mean, I, I look, I don't blame you. You may not have expected the Spanish inquisition here. Okay. It's okay. But let me, but, but you know, what I'm trying to figure out is your client files a deck. You know, I believe that he had felonious intent. Okay. You can think that that's not proof whether somebody did or didn't. And you know, getting to intent, I think you'll agree with this. Mr. Sternberg is the, is exactly the point where most courts say we've got to have a trial. And I'm not sure what, I mean, I will go back and look at that again. I'm not sure what the probative value of your client's declaration about this would be. And I promised to look at it. I will look at it in that spirit. And if you want to respond to that, we're a little over time. Judge Brand, are you okay? Okay. Mr. Sternberg, you go ahead. We've taken all of your time. So first of all, thank you. I appreciate that you will review it. Judge Gann, I understand what you're telling me. I will have to admit, I'm not, I don't practice in California. So some, so it may be that I'm taking the judgment for its face value as opposed to the probative value behind it. I understand that. Yet I still think, and we're forgetting, this is a motion for summary judgment under Rule 56. And whether you're a pro se or the Supreme, the Justice of the Supreme Court, you have to respond in a certain way. There was never such a response in this. I'm entitled to the facts as laid out, and I'm entitled to a judgment based on those facts, since there was no response to it. And I will, with that, I would just thank you very much. Let me just follow up just on one comment on that. Sure. The judge is required to look at what you file and determine, number one, are you entitled to judgment as a matter of law? If your judgment said he's guilty of embezzlement, then I think you have the case made. That's a question of law. Application of issue preclusion based upon prior litigation of all the elements of whatever it is you're seeking for non-dischargeability. In the absence of that, he's supposed to determine are there issues of fact that are suggested by the pleadings? And if there are, he's to deny summary judgment under Rule 56, irrespective of whether there's an actual meeting of all of the facts that you allege, because he can't weigh facts, he can't determine facts on a motion for summary judgment, right? I agree with that. But look at his decision. Look at the transcript of his decision. Oh, I promise you we've read it. Yeah, because I think he finds those issues unmet in the first instance, outlined in the first instance, unmet in the second instance, and we're entitled to a judgment based on that. Okay. Thank you, and I appreciate your time. Thank you very much. I know this was a little hotter than you might have thought it might be, but thank you. Right. It was okay. Yeah. All right. Thank you. Mr. Kim, you have four minutes, so go ahead. Yeah. Here's what was debating right now, is a misrepresentation of Mr. Craig Stenberg, or Judge Dorr, as well as Tony Bryanson. And I analyzed all first his complaint, year 2015, there are four categories he complained about it. One is common count, second is fraud, third is the breach of contract, and fourth is conversion. However, Judge Carol Overton dismissed all three, only she put it in the conversion. That means there's no fraud, there's no embezzlement at all. That's what the judgment's saying. However, Bryanson continually misrepresented his complaint as a judgment. So, when I was researching every single document in the docket in California courtroom, and I find some of them document that I never seen, that never, ever making a presentation through the bankruptcy adversary. And the other one is the Mr. Craig Stenberg saying that I didn't have any action, but no, that's not true. Because I hired, the company hired a Tony, and he put it in the general denial, PLD 050, I find in the document in the docket. So, actually, he denied every complaint. But since we ran out of retained money, and he just left representing me. And after that, I never get any other documentation at all, not even notice, not even what is called, any types of the document until he sent me over a foreign judgment that I learned that he couldn't go back to the case at all. That's what other attorneys saying that. So, actually, as I say, he put it in the general denial and PLD 050, and I find in a document in the California docket. So, he respond. So, your comments, just to clarify, Mr. Kim, the last comments you've made, were all related to the California litigation, not to the dischargeability litigation, correct? Yes, sir. Okay. I just wanted to clarify. Thank you. All right. You have about a minute left. Do you have anything else you want to add? At this time? No. All right. Thank you both very much. This matter is submitted. Thank you. Thank you, Your Honor. Thank you, Your Honor. All right. I think that concludes the calendar. So, we are adjourned. Thank you.
judges: Brand, Lafferty, and Gan